IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOLON PHILLIPS,               *

                            *

            Plaintiff,      *

                            *

         vs.           *        Civil Action No.   ADC-19-2427

                            *

MARYLAND BOARD OF LAW     *

EXAMINERS, *et al.*,         *

                            *

           Defendants.   *

                            *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

On August 22, 2019, Plaintiff filed suit in this Court, alleging constitutional violations of vagueness, civil rights, due process, and gross negligence, seeking that this Court declare Defendants' application of Maryland's character and fitness standards as applied to Plaintiff was unconstitutional, declare Defendants grossly negligent for failing to recommend Plaintiff's admission to the Maryland bar, and declare "that Plaintiff must be admitted to practice law in Maryland." ECF No. 7 at 33.[1] On October 23, 2019,[2] Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and for the failure to state a claim. ECF No. 18. Plaintiff filed

---

[1] ECF No. 7 is Plaintiff's Amended Complaint. Plaintiff voluntarily filed an Amended Complaint on September 13, 2019, solely "to include all character references as exhibits." ECF No. 7 at 1. The contents of the Complaint remained unchanged.

[2] In accordance with Standing Order 2019-07 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings on September 11, 2019. ECF No. 4.

an opposition on November 5, 2019, ECF No. 20, to which Defendants replied on November 12, 2019, ECF No. 21.

On December 19, 2019, this Court granted Defendants' motion and dismissed all counts of Plaintiff's Amended Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. ECF Nos. 22, 23. Plaintiff filed a notice of appeal on January 13, 2020. ECF No. 28. The Fourth Circuit issued their decision on July 17, 2020, affirming the dismissal of Counts I-IV, but reversing the dismissal of Counts V and VI. *Phillips v. Maryland Bd. of Law Examiners*, 812 F. App'x 165 (4th Cir. 2020) (ECF No. 31-1 at 2-3). The Fourth Circuit remanded on the basis that Counts V and VI were not barred by the *Rooker-Feldman* doctrine because they do not claim injuries caused by the Maryland Court of Appeals. *Id*. The Fourth Circuit held rather, that these claims allege the Board itself engaged in actions that violated Plaintiff's Constitutional rights and amounted to a tort under Maryland law. *Id*. The case was reopened on August 11, 2020. ECF No. 39. On August 31, 2020, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 40. Plaintiff filed a response in opposition (ECF No. 42) to which Defendants replied (ECF No. 45). The Court ordered supplemental briefings (ECF 49) and the parties responded accordingly (ECF 50, 51). This matter is now fully briefed.

## DISCUSSION

Defendants filed a motion to dismiss or in the alternative a motion for summary judgment on the remaining Counts of Plaintiff's Complaint. The Court will consider the motion as to Count V as a motion to dismiss, Fed R. Civ. P. 12(b)(1) and 12(b)(6), since it challenges the jurisdiction of this Court. The Court will review Count VI as a motion to dismiss, Fed. R. Civ. P. 12(b)(6), and in the alternative as a motion for summary judgment under Rule 56. For the following reasons,

this Court will GRANT Defendants' Motion (ECF No. 40). The Court incorporates the Facts here without repeating as set forth in its Memorandum Opinion ECF 22.

### A.  Standard of Review

#### Motion to Dismiss

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005).  The plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction under Rule 12(b)(1).  *Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  A 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint are not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).  In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F.Supp.2d at 799 (citation omitted).  Where the challenge is factual, however, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. The court, therefore, "may regard the pleadings as mere evidence on the issue and may consider

evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

**Standard for Motion to Dismiss for Failure to State a Claim**

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

**Motion for Summary Judgment**

If the motion to dismiss "is supported by matters outside the pleading which the Court does not exclude, the motion shall be treated as one for summary judgment" pursuant to Rule 56. *Humphrey v. National Flood Ins. Program*, 885 F.Supp. 133, 136 (D.Md. 1995). A movant is

entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists, or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth

specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

### B. Defendants' Motion

Plaintiff brings a constitutional due process claim in Count V and a state tort claim for gross negligence in Count VI. Defendants seek to dismiss Count V under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting sovereign immunity under the Eleventh Amendment. ECF No. 40-1 at 6-8. In response, Plaintiff contends that Eleventh Amendment immunity is inapplicable because he is seeking declaratory relief, and that the Fourth Circuit "remanded this case back to this Court because it found that the Court *does* have jurisdiction." ECF No. 42 at 1- 2 (emphasis in the original). I note that Plaintiff's argument here lacks merit. The Fourth Circuit only found that Counts V and VI were improperly dismissed. The Court did not reach the issue of jurisdiction.

Defendants first argue that the Eleventh Amendment bars Plaintiff's claims against both the State Board of Law Examiners and its named Board members. Since Defendants seek dismissal based on Eleventh Amendment immunity, the jurisdiction arguments are analyzed under Rule 12(b)(1). *Cunningham v. Gen. Dyamics Info. Tech., Inc*., 888 F.3d 640, 649 (4th Cir.2018). "Sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Id*. (internal citations omitted).

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XIV, § 2. Under the Eleventh Amendment, states are generally afforded immunity

from suits brought in federal court by their own citizens. *Burley v. Balt. Police Dept.*, 422 F.Supp.3d 986, 1021-22 (D.Md. 2019). The Eleventh Amendment also insulates "an instrumentality of a state, sometimes referred to as an arm of that state, which includes state agencies" from lawsuits in federal court. *Id*. (internal citations omitted).

The Fourth Circuit has noted three exceptions to the applicability of state sovereign immunity:

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority…Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law…Third, a State remains free to waive its Eleventh Amendment immunity from suit in federal court.

*Id*. at 1023 (citing *Lee-Thomas v. Prince George's Cnty. Pub. Sch*., 666 F.3d 244, 249 (4th Cir.2012)) (internal citations omitted).

The Supreme Court held that 42 U.S.C. § 1983 authorizes a cause of action to enforce violations of federal statutory rights by agents of the State. Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. *Maine v. Thiboutot,* 448 U.S. 1 (1980). Though Plaintiff does not expressly invoke § 1983 as the mechanism for his cause of action in Count V, he asserts a constitutional due process violation and seeks declaratory relief. ECF No. 7 at 27. A *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, since sovereign immunity has not been expressly waived by Maryland nor congressionally abrogated for § 1983 claims, in order to

proceed, Plaintiff's due process claim must fall within the second exception. *Burley*, 422 F.Supp.3d at 1023-24.

    1.  <u>Count V Claim</u>

Defendants maintain that the Eleventh Amendment bars Plaintiff's constitutional due process claims against the State Board of Law Examiners and its Board members. ECF No. 40-1 at 8. The Fourth Circuit has articulated a non-exhaustive list of factors to be considered when determining whether an "arm of a state" is extended sovereign immunity protection: "(1) whether the state will pay a judgment against the defendant entity; (2) whether the entity exercises a significant degree of autonomy from the state, (3) whether [the entity] is involved with local versus statewide concerns, and (4) how [the entity] is treated as a matter of state law." *Burley*., 422 F.Supp.3d at 1024 (citing *Lane v. Anderson*, 660 F.App'x 185, 195-96 (4th Cir.2016)) (internal quotations omitted).

Under these four factors, the State Board of Law Examiners is a state entity for purposes of sovereign immunity. The Board is created and organized by state statute. Md. Code Ann., Bus. Occ. & Prof. § 10-102. The Maryland Court of Appeals appoints the Board's members, assigns their compensation and oversees the approval of fees. Md. Rule 19-102(a), (f), (h). Any court costs in proceedings requiring a subpoena are paid for by the State. Md. Rule 19-104(a). When reviewing applications for bar admission, the Board is required to transmit all papers and reports of its proceedings to the Court of Appeals, along with recommendations as to the approval or denial of certain applications. Md. Rule 19-203(b).  The nature of the origination, organization, and functioning of the State Board of Law Examiners indicate that it is "an arm of the state" entitled to sovereign immunity. *Lane*, 660 F.App'x at 195-196. As such, Plaintiff's claims against the Board as an entity are barred by the Eleventh Amendment and therefore DISMISSED.

Defendants also argue that Plaintiff's claims for declaratory relief against the four named Board members should be dismissed under the Eleventh Amendment. In support, they cite the doctrine announced by the Supreme Court in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), to the effect that states, and state agencies are not "persons" that are subject to suit under 42 U.S.C. § 1983. There, the Court expanded on the exception to sovereign immunity known as the *Ex parte Young* doctrine. In certain federal suits against state officials, a state official is "stripped of his official or representative character" and thus deprived of the State's immunity. *Ex parte Young*, 209 U.S. 123, 159-60 (1908).

Defendants rely upon the *Will* Court's extension of its holding to state officials sued in their official capacities. ECF No. 40-1 at 12. The Court articulated that "state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71.

However, the *Will* doctrine is subject to a significant exception. The *Will* Court stated that § 1983 actions for *prospective* relief, such as declaratory judgment, may proceed against state officials in their official capacities. *Will at* 71, n.10. *See also, Sager v. Hous. Comm'n of Anne Arundel Cty.*, 855 F. Supp. 2d 524, 567 (D. Md. 2012) (internal citations omitted) (emphasis added)*; Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (holding that declaratory relief, even as to the legality of past action, is "prospective" for purposes of *Ex parte Young,* and thus may be obtained against state officials sued in their official capacities). In light of this exception to *Will,* I ordered supplemental briefings on the issue of whether Plaintiff's injunctive relief sought in Count V of the Complaint was prospective.

Defendants argue that since Plaintiff's application for admission to the Maryland Bar was denied three years ago, the three-and-a-half-year delay is a "not an ongoing constitutional violation for which prospective relief is available." ECF No. 40-1 at 13. Plaintiff relies on *Verizon Md., Inc.,* for his argument that his declaratory relief is "prospective" for purposes of *Ex parte Young*. ECF No. 51 at 2 (quoting *Verizon Md., Inc.,* 535 U.S. at 645). The Court agrees with Defendants. *Verizon Md., Inc.,* 535 U.S. at 646.

In *Verizon Md., Inc.*, the plaintiffs alleged that an order given by the defendant (a state entity) violated the Telecommunications Act of 1996 and other federal laws. *Id*. at 642. The plaintiff's sought relief in part by "a declaration of the *past* as well as the *future* ineffectiveness of the…action." *Id*. at 645-646 (emphasis in original). However, also unlike the present matter, the plaintiffs in *Verizon Md., Inc*., also requested injunctive relief "that state officials be restrained from enforcing an order in contravention of controlling federal law." *Id*. at 645.

"In determining whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id*. at 636 (internal citation omitted). The crux of the plaintiff's case in *Verizon Md. Inc.,* was their demand that the defendant be stopped from further violating federal law. *Id*. at 646. Since the declaratory relief did not "impose upon the state a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials…the prayer for declaratory relief add[ed] nothing to the prayer for injunction." *Id*. (internal citation omitted). The Court held that plaintiff's claims survived the Eleventh Amendment bar because "[t]he prayer for injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling federal law—clearly

satisfi[ed] our straightforward inquiry" and thus were considered prospective for the purposes of the *Ex parte Young* doctrine. *Id.* (internal citations omitted).

In this case, Plaintiff is seeking only a declaration that "[t]he unexplained 3.5-year delay is unconstitutional and damaged Plaintiff" ECF No. 7 at 27. Plaintiff seeks only relief for himself for past action by the Board and Board members. Since Plaintiff is alone in requesting declaratory relief of the legality of Defendants' past action, it cannot be considered prospective. In his supplemental brief, Plaintiff states that a declaration would prevent Defendants from delaying his "and presumably others'" applications. There is no basis in fact for this argument and the Court is unpersuaded. Plaintiff's claims are factually and legally limited to him alone and not to any future action by the Board or Board members. Any decision by the Board to award membership or deny membership necessarily requires an individual assessment of each applicant, not a broad application of policy. Nowhere in his Complaint does Plaintiff request injunctive relief to prevent Defendants from delaying other applicants' admissions and thus violating federal law. Therefore, Plaintiff's individualized request for this Court to declare Defendants' action unconstitutional with respect to Plaintiff's case is not "prospective relief" for the purposes of an *Ex parte Young* exception. *Verizon Md., Inc.,* 535 U.S. at 645. Accordingly, after conducting a straight forward inquiry, Defendants' Motion to Dismiss is GRANTED as to the individual board members as well.

2. <u>Count VI Claim</u>

Plaintiff's remaining claim alleges that the Board's handling of his character recommendation to the Court of Appeals amounted to gross negligence under Maryland tort law. ECF No. 7 at 27. Maryland has waived sovereign immunity for state personnel for tortious acts or omission committed within the scope of employment and without malice or gross negligence. Md. Code Ann., Cts. & Jud. Proc. § 5-522(b). Defendants argue that the Eleventh Amendment still

applies and Count VI of Plaintiff's Amended Complaint should be dismissed as Plaintiff has failed to allege sufficient facts to support a declaration of gross negligence. ECF No. 40-1 at 16. The Court agrees with Defendants.

Under Maryland law, gross negligence is "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Barbre v. Pope*, 935 A.2d 699, 717 (Md.2007). Plaintiff uses this language from *Barbre* in his Complaint to support the argument that Defendants acted in accordance with this definition. ECF No. 7 at 27. However, like in *Barbe*, Plaintiff here has not pled facts showing that the Board or its members acted with a wanton and reckless disregard towards Plaintiff.

In his Complaint, Plaintiff alleges that "[t]he fact the Board fails to mention any of the character witnesses' testimonies can mean only one of two things (1) they did not believe any of the witnesses, or (2) they ignored or neglected the witnesses." ECF No. 7 at 29. Plaintiff also states that because the character witnesses are afforded a presumption of honesty, "it can be concluded that the Board did not believe the witnesses' testimonies to be untruthful…This leaves only one logical conclusion as to why the Board did not mention any of the testimony…gross negligence." *Id*. These allegations, even considered in a light most favorable to Plaintiff, are completely devoid of a factual basis and do not support the conclusion that the Board acted with gross negligence. The allegations are merely conclusory and conclusory allegations of gross negligence are not enough to bring claims outside of the immunity provisions of the Maryland Tort Claims Act. *Barbe*, 935 A.2d at 718 (citing *Boyer v. State*, 323 Md. 558, 594 A.2d 121 (1991)). Accordingly, Defendants' Motion pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED with respect to Count VI of Plaintiff's Amended Complaint. The Court notes that in the alternative, if converted to a motion

for summary judgment, Defendants' Motion would also be GRANTED, since there are no material facts that are in dispute.

### CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment (ECF No. 40) is GRANTED.  A separate Order will follow.

Date: <u>February 18, 2021</u>                                    _____/s/_____

                                                           A.  David Copperthite
                                                           United States Magistrate Judge